**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

IN RE: CIVIL CASES ASSIGNED
TO UNITED STATES DISTRICT
JUDGE STEVEN D. GRIMBERG

## STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to United States District Judge Steven D. Grimberg. These guidelines are furnished to inform the parties and their counsel of the policies, procedures, and practices of this Court, and to promote the just, speedy, and economical disposition of cases. This Order, in combination with the Civil Local Rules of the United States District Court for the Northern District of Georgia and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders. In the event a Magistrate Judge is assigned to this case, orders issued by that judge, rather than this Standing Order, shall govern while the case is pending before the Magistrate Judge.

Parties must comply with the Standing Order entered on the docket of their case, but are not responsible for complying with any updated or amended version of the Standing Order that appears on the Court's website.

1

# TABLE OF CONTENTS

I.    CASE ADMINISTRATION ............................................................... 5

    a.    Communications with Chambers ............................................. 5

    b.    Courtesy Copies of Documents ............................................... 6

    c.    Attorney Leaves of Absence .................................................... 6

    d.    *Pro Se* Parties ......................................................................... 6

II.    CASE MANAGEMENT .................................................................... 6

    a.    Responses to Pleadings ............................................................ 6

    b.    Motions and Briefs ................................................................... 7

    c.    Amended Complaints and Motions to Dismiss ..................... 7

    d.    Motions for Temporary Restraining Orders or
        Preliminary Injunctive Relief ................................................. 8

    e.    Electronic Filing of Exhibits and Attachments ..................... 8

    f.    Proposed Orders ....................................................................... 9

    g.    Extensions of Time ................................................................... 9

    h.    Extension of Page Limit ......................................................... 10

    i.    Conferences ............................................................................. 10

    j.    Requests for Oral Argument or a Hearing ......................... 11

    k.    Mediation ................................................................................ 11

    l.    Settlements .............................................................................. 12

III.    Discovery ........................................................................................ 12

    a.    General Principles of Discovery ........................................... 12

b.    Rule 26(f) Conference and Joint Preliminary Report and Discovery Plan ........................................................................ 12

c.    Initial Disclosures ............................................................... 13

d.    Written Discovery Responses .............................................. 13

e.    Depositions ........................................................................... 15

f.    Discovery Disputes ............................................................. 16

g.    Discovery Period Extensions .............................................. 17

h.    Protective Orders and Motions to Seal ............................... 18

i.    Expert Witness Disclosure .................................................. 21

IV.    Summary Judgment .......................................................................... 22

a.    Successive Motions for Summary Judgment Prohibited ..................... 22

b.    Record Citations ................................................................. 22

c.    Statements of Undisputed or Disputed Material Facts ...................... 22

V.    Trial .................................................................................................. 23

a.    Consolidated Proposed Pretrial Order ................................ 23

b.    *Daubert* Motions .............................................................. 23

c.    Trial Order .......................................................................... 24

d.    Motions in Limine ............................................................. 24

e.    Consolidated Proposed Jury Charges and Verdict Form ................... 24

f.    Exhibit List and Witness List ............................................. 26

g.    Final Pretrial Conference .................................................... 26

h.    Courtroom Technology ....................................................... 26

i.      Trial Days.................................................................................. 27

j.      Voir Dire ................................................................................... 28

k.      Courtroom Communications and Conduct......................................... 28

Appendix A: Special Instructions for *Pro Se* Litigants .............................................. 30

## I.     CASE ADMINISTRATION

### a.     Communications with Chambers

The Courtroom Deputy Clerk, Sonya Lee-Coggins, is your principal point of contact on matters related to this case. Neither counsel nor the parties should discuss the merits of their case with the Courtroom Deputy Clerk or any of the Court's law clerks.

Communications with Chambers should generally be made by email, with all counsel or parties copied, to Courtroom Deputy Lee-Coggins at Sonya_Lee-Coggins@gand.uscourts.gov. If the communication is of a time-sensitive nature, your email should also copy Judge Grimberg's career law clerk, KJ Jones, at Kristina_Jones@gand.uscourts.gov. If necessary, counsel or parties may contact Chambers by telephone (404-215-1470), or by mail or hand delivery:

> The Honorable Steven D. Grimberg
> ATTN: Courtroom Deputy Sonya Lee-Coggins
> 1701 United States Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303-3309

Counsel and parties are cautioned that the Court, in its discretion, may file on the docket any written communications, including emails, submitted to Chambers.

As a professional courtesy, Courtroom Deputy Lee-Coggins may contact counsel via email in advance of scheduling a telephone conference, hearing, or trial

to confirm availability. ***It is the responsibility of counsel to respond to any communication from Chambers within 24 hours***.

### b.    Courtesy Copies of Documents

Courtesy copies of filings should not be provided to the Court unless requested.

### c.    Attorney Leaves of Absence

Counsel are encouraged to review their calendars and submit as early as practicable any requests for leave(s) of absence. Leave requests shall comply with NDGa LR 83.1(E)(4). All requests for leave must be filed on the docket.

### d.    *Pro Se* Parties

Specific procedures applicable to *pro se* parties are contained in the Appendix to this Standing Order and should be followed by individuals who are not represented by counsel.

## II.    CASE MANAGEMENT

### a.    Responses to Pleadings

A party filing an answer to a complaint, counterclaim, crossclaim, or third-party complaint shall copy into its answer the paragraph of the pleading to which it is responding and provide its answer to that paragraph immediately following.

A responsive pleading must admit or deny each of the averments of the adverse party's pleading. For example, if the complaint alleges, "A copy of the parties' contract is attached as Exhibit A," the defendant may not plead, *e.g.*, "Defendant admits that Exhibit A is attached to the complaint," or that "the document speaks for itself." Evasive denials such as these will be disregarded, and the averments to which they are directed will be deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6).

**b.      Motions and Briefs**

Parties need not file a motion and supporting brief as separate documents on the docket. Rather, parties should consolidate their motion and brief into one document, and file it on the docket as a motion.

**c.      Amended Complaints and Motions to Dismiss**

If, in response to a motion to dismiss, a plaintiff files an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1), the defendant-movant is directed to determine—within 10 days after the filing of the amended complaint—whether the pending motion to dismiss has been rendered moot. If so, the defendant shall withdraw it.

During the pendency of a motion to dismiss filed by any party, in whole or in part, all discovery is automatically stayed until the Court rules on the motion or

otherwise directs. This stay includes all pretrial activity and deadlines, such as the NDGa LR 16.1 conference, Joint Preliminary Report and Discovery Plan, initial disclosures, and commencement of discovery. If a party believes good cause exists for any or all pretrial activity to continue or deadlines to remain in effect notwithstanding the pendency of a motion to dismiss, the party may submit a request to Chambers pursuant to the discovery dispute procedures outlined in Section III.f. of this Standing Order.

### d.    Motions for Temporary Restraining Orders or Preliminary Injunctive Relief

Any request for a temporary restraining order or for preliminary injunctive relief must be made by *separate* motion. If a party requests such relief only in the complaint or other pleading, but fails to file a separate motion seeking the same, the request will not be considered until the merits of the case are addressed. After filing an appropriate motion, the movant should contact Chambers to request expedited consideration.

### e.    Electronic Filing of Exhibits and Attachments

The parties should make every effort to label all electronically uploaded exhibits and attachments according to their content. For example, documents should be uploaded as Ex. A: Smith Deposition; Ex. B: Employment Contract;

Ex. C: Jones Letter, etc., rather than simply Ex. A, Ex. B, and Ex. C. When practicable, each party should file documents in a text-searchable PDF format. Exhibits or attachments that are not referenced and relied on in the body of the party's submission will not be considered.

### f.    Proposed Orders

Proposed orders may be filed or submitted to Chambers, but are not required unless specifically requested by the Court.

### g.    Extensions of Time

The Court is responsible for moving cases toward a prompt and just resolution. To that end, the Court seeks to set reasonable, but firm deadlines. Motions for extension of time, even if designated as joint, unopposed, or by consent, will not be granted as a matter of course. The Court may schedule a status conference for further explanation of why an extension is necessary.

Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a full timetable for the completion of discovery or the briefing for which the extension is sought. For example, if a defendant seeks additional time to file a motion to dismiss, the request should include a proposed schedule for completion of the briefing, including filing of the response and reply briefs. Parties should

indicate whether the opposing party consents to the request for an extension and the proposed schedule. If such a motion is filed less than three days prior to the deadline the parties seek to extend, the parties must promptly alert Chambers to the filing via email.

### h.     Extension of Page Limit

Parties seeking an extension of the page limit on briefs or objections to Report and Recommendations must file a motion requesting same at least three days in advance of the filing deadline and must explain the circumstances necessitating additional pages. Parties should indicate whether the opposing party consents to the request for additional pages.

If a party files a motion to extend the page limit at the same time its brief or objections are due, the extension request will be denied and the brief or objections may be stricken, absent a compelling and unanticipated reason.

### i.     Conferences

Parties are encouraged to request a conference with the Court if they believe that it will be helpful, provided they have specific goals for the conference. Conferences may be requested via email to Chambers.

### j.        Requests for Oral Argument or a Hearing

The Court will consider requests for oral argument or a hearing on a contested motion. Such a request should be filed as a ***separate*** motion. The motion will receive favorable consideration if the requesting party represents that a lawyer with fewer than seven years of litigation experience will conduct the argument (or at least a substantial part thereof), it being the Court's belief that less experienced lawyers need more opportunities for court appearances than they usually receive.

### k.        Mediation

Parties are encouraged to mediate their disputes, and to do so early in the litigation process. On a joint or consent motion, discovery and other pretrial deadlines will generally be stayed during the pendency of mediation.

On request from any party, or on its own initiative, the Court may refer the parties to court-ordered mediation before a United States Magistrate Judge pursuant to NDGa LR 16.7(B). There is no cost for this mediation service. Requests to mediate before a magistrate judge may be made jointly or *ex parte* by emailing Chambers.

### l.      Settlements

When all parties to a matter have reached a tentative settlement or agreed to a settlement in principle, but have not yet completed all steps necessary to document the settlement, they should alert the Court immediately by emailing Chambers **or** filing a Notice of Settlement that indicates the amount of time likely needed to complete the settlement process and dismiss the action.

## III.   Discovery

### a.      General Principles of Discovery

In conducting discovery, parties should be guided by courtesy, candor, and common sense. Direct and informal communication among counsel is encouraged to facilitate discovery and to resolve disputes without the need for Court intervention.

### b.      Rule 26(f) Conference and Joint Preliminary Report and Discovery Plan

Notwithstanding NDGa LR 16.1, parties by agreement may conduct their Rule 26(f) Conference by videoconference rather than in person. Parties by agreement may also extend the date by which the Rule 26(f) Conference is completed. However, extensions for filing the Joint Preliminary Report and Discovery Plan ("Joint Report") must be requested by motion.

After the Joint Report is filed, the Court may schedule a conference. Neither the timing of a conference with the Court nor entry of the Scheduling Order shall delay the start of discovery. Parties are cautioned that the Court will rarely authorize an initial discovery period that is over six months.

### c.     Initial Disclosures

Initial disclosures should be as complete as possible based on the information reasonably available to the parties at the time of disclosure. Responses may not be reserved for later supplementation. Parties by agreement may extend the date by which initial disclosures are exchanged.

### d.     Written Discovery Responses

The Federal Rules prohibit boilerplate and general objections in response to written discovery requests. Parties should not carelessly invoke the usual litany of rote objections, *i.e.*, attorney-client privilege, work-product protection, overly broad/unduly burdensome, irrelevant, or not reasonably calculated to lead to the discovery of admissible evidence.

A party shall not include in its response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to a discovery request "to the extent that" it violates some rule pertaining to discovery. Instead, a party must respond to each individual discovery request with every specific

objection thereto—but only those objections that actually apply to that particular request. Otherwise, it is impossible for the Court or the party on which the discovery response is served to know exactly what objections have been asserted to each request. All "General Objections" shall be disregarded by the Court.

A party that objects in part and responds in part to a discovery request must indicate whether the response is complete, *i.e.*, whether additional information or documents would have been provided but for the objection(s). For example, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

If a privilege objection is made, the claim must be supported by a privilege log or statement of particulars sufficient to enable the requesting party and the Court to assess its validity. In the case of a document, the privilege log or statement should specify the privilege relied on and, when available, generally include: the date, title, subject, and purpose of the document; the name and position of the author; and, the names and positions of all the recipients. In the case of an oral communication, the privilege log or statement should include the privilege relied

on and generally identify: the date, place, subject, and purpose of the communication; and the names and positions of all individuals present.

The parties are expected to observe the limitations regarding the number and scope of interrogatories as stated in Fed. R. Civ. P. 26(b) and 33.

### e.    Depositions

Barring extraordinary circumstances, all parties should be consulted, and the convenience of counsel, witnesses, and the parties accommodated, *before* a deposition is noticed.

If counsel enter into stipulations at the beginning of a deposition, the terms of each stipulation should be fully stated on the record. General stipulations such as "all objections except as to form are reserved" or "the usual stipulations" are disfavored.

Objections to the manner of taking the deposition, to the evidence, or to the conduct of a party shall be noted on the record, but the evidence objected to *shall be taken* subject to the objection. In the absence of a good faith claim of privilege or witness harassment, instructions not to answer are rarely justified and may lead to sanctions. Speaking objections and other tactics for coaching a witness during the deposition are not permissible. Counsel are encouraged to try to resolve deposition objections without the Court's involvement.

Absent a good faith reason to do so, the Court will not permit the taking of depositions for the preservation of testimony after the close of discovery. A party must make such a request by motion.

### f.     Discovery Disputes

Parties are required to confer in good faith before bringing discovery disputes to the attention of the Court. The duty to confer is *not* satisfied by sending a written document (*e.g.*, email or letter) to the opposing party, *unless* repeated attempts to confer by telephone, videoconference, or in person are unsuccessful.

The filing of discovery-related motions against a party to the litigation (except for unopposed, consent, or joint motions) is prohibited. This prohibition includes motions for discovery-related sanctions. Instead, the party seeking Court intervention must email Chambers a statement outlining its position and requesting a conference with the Court. All parties must be copied on such emails. Unless the issues are complex or numerous, the statement should not exceed 3 pages, as its purpose is simply to apprise the Court of the issue(s). It is not intended as a substitute for full briefing. Parties may also attach particularly pertinent exhibits to their statement (such as an excerpt of the discovery requests and responses or objections in dispute), but inundating the Court with voluminous

exhibits at this stage is discouraged. The opposing party or parties may provide a responding statement to the Court, subject to the same limitations.

After receipt of the parties' submissions, Chambers will either schedule a conference call with the parties, during which the Court will seek to rule on or resolve the matter without the necessity of a formal motion, or will provide further instructions to the parties via email. Conference calls will be recorded by a court reporter and any substantive instructions will likewise be entered on the docket, along with copies of the parties' written submissions (in the discretion of the Court).

If a dispute between a party and a non-party arises (*e.g.*, a disagreement regarding a subpoena), the party must promptly inform the non-party of this discovery-dispute policy. In raising the discovery dispute with the Court, both the party ***and*** the non-party must follow the same procedure detailed above. If a non-party fails to respond to a properly served subpoena, the party issuing the subpoena must file a formal motion seeking relief and alert Chambers to the filing via email so that it can receive prompt attention.

### g.    Discovery Period Extensions

Parties are encouraged to formulate their discovery plans early to facilitate the completion of necessary discovery before the close of the discovery period. If

all parties agree that an extension or reopening of discovery is necessary, the parties shall file a consent motion. The consent motion shall state: (1) the original (and, if applicable, current) date from which the extension is being sought; (2) the number of previous requests for extensions, if any; and (3) why the extension is needed to complete identifiable tasks.

Where requests to extend or reopen discovery are not made by consent, or are otherwise opposed, the requesting party should provide the same information outlined above but make the request using the discovery dispute procedure outlined in Section III.f. of this Standing Order.

Absent extraordinary circumstances, requests or motions for extension of discovery must be filed prior to the expiration of the existing discovery period. The Court will not enforce private agreements between the parties or their counsel to conduct discovery beyond the conclusion of the discovery period. The Court does not allow the presentation of evidence at trial that was requested and not revealed during the discovery period *unless* the Court orders such material to be produced after completion of the discovery period.

### h.    Protective Orders and Motions to Seal

The Court will generally defer to the parties, and sign and enforce, any mutually agreed-upon and reasonable protective order that sets out the

procedures for parties to follow in designating certain documents and information as confidential or challenging any such designation. However, the Court is not a party to any such agreement and may publicly disclose material that has previously been designated by a party or the parties as confidential or filed under seal if the Court determines that such designation or sealing is not warranted under the circumstances. Additionally, if any party wishes to challenge a confidentiality designation, the party must follow the Court's discovery dispute procedure set forth in Section III.f. of this Standing Order, notwithstanding any contrary procedure agreed-upon by the parties, even if that procedure is memorialized in a protective order or document approved by the Court.

Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file documents containing confidential information shall first consult with the party who designated the document as confidential to determine if some less restrictive measure than filing the document under seal may serve to provide adequate protection. Any motion to file under seal should indicate whether it is by consent, unopposed, or opposed.

In the absence of a protective order entered by the Court, to request to file material under seal, counsel should follow the procedures described in the Local Rules and consult the Court's Procedure for Electronic Filing Under Seal in Civil

Cases.[1] These procedures require filing an *un*redacted version of the document as provisionally under seal *and* publicly filing a redacted version of the document, in addition to the motion to file under seal.

When filing the *un*redacted, provisionally sealed document, counsel should use the CM/ECF event code "Notice of Filing." The Notice of Filing should be the lead document, and the brief and **all** supporting documents should be included as exhibits to the notice. For example, if the party is requesting that Exhibit A to a Motion for Summary Judgment and a portion of the memorandum of law in support of the motion be filed under seal, the Notice of Filing Sealed Document should attach as exhibits: the motion for summary judgment, the unredacted supporting memorandum of law, Exhibit A, and all other exhibits to the motion. If documents are being filed under seal pursuant to a protective order that has been entered by the Court, *no motion to file under seal is necessary*. The Notice of Filing should indicate the applicable provision of the protective order under which the documents are being sealed. Nor are motions to seal required to file under seal information required to be redacted by NDGa Standing Order Nos. 04-02 and 08-

---

[1]    www.gand.uscourts.gov/cv-sealed-procedures.

02, including Social Security numbers, names of minor children, dates of birth, street addresses, and financial account numbers.

These instructions do not apply to parties appearing *pro se*. For *pro se* litigants, motions to seal must be filed with the Clerk of Court in person or by mail. In such instances, the material subject to the request to seal should be attached as an exhibit to the motion. The Clerk will enter the motion on the docket under a provisional seal, without public viewing access.

The party filing the motion to file under seal should clearly indicate the type of material the party is seeking to seal and its justification for protecting that material from disclosure. In accordance with Fed. R. Civ. P. 26(c), the Court will only grant such motions for good cause. Given the public's interest in disclosure, good cause will generally only be established where the materials contain trade secrets, personal identifying information, or sensitive commercial information.

### i.    Expert Witness Disclosure

Absent an explicit deadline provided in the scheduling order, expert witnesses must be disclosed at least 60 days prior to the close of fact discovery. Rebuttal experts must be disclosed within 30 days of the initial expert disclosure.

**IV.     Summary Judgment**

    **a.     Successive Motions for Summary Judgment Prohibited**

The filing of piecemeal or successive motions for summary judgment by a single party is prohibited, absent prior permission of the Court. This prohibition does not preclude a party from filing both a motion for summary judgment asserting an immunity from suit and a later motion for summary judgment addressing any issues that may remain in the case. This prohibition also is not triggered when, as permitted by Fed. R. Civ. P. 12(d), the Court elects to treat a motion filed pursuant to Fed. R. Civ. P. 12(b) or 12(c) as a summary judgment motion.

    **b.     Record Citations**

Record citations should be made only in the statement of undisputed (or disputed) material facts or responses thereto (hereinafter collectively referred to as "SMFs"). Summary judgment briefs should cite only to the relevant numbered paragraph(s) of the SMFs, not the underlying record.

    **c.     Statements of Undisputed or Disputed Material Facts**

SMFs are each limited to 25 pages absent prior permission of the Court. A party responding to a statement of undisputed or disputed material facts shall

copy the statement to which it is responding and provide its response to that statement immediately following.

## V.  Trial

### a.  Consolidated Proposed Pretrial Order

Pursuant to NDGa LR 16.4, a consolidated proposed pretrial order must be filed by the parties within 30 days after the close of discovery or a ruling on any motions for summary judgment, whichever is later. In listing witnesses and exhibits in the proposed pretrial order, a party may not reserve the right to supplement the list and may not adopt another party's list by reference. Witnesses and exhibits not identified in the proposed pretrial order may not be used during trial, (1) unless the witness or exhibit is solely for impeachment or rebuttal and could not have been anticipated in advance, or (2) to prevent a manifest injustice.

### b.  *Daubert* Motions

*Daubert* motions must be filed no later than the date the proposed pretrial order is filed. Briefs in opposition must be filed within 14 days, and reply briefs must be filed within seven days thereafter. The parties should state explicitly in their respective filings whether they believe an evidentiary hearing is required to resolve the issue.

### c.     Trial Order

Following the parties' filing of their consolidated proposed pretrial order and the Court's review of same, the Court will enter an order scheduling a final pretrial conference and trial, and setting other pre-trial deadlines, including deadlines for motions in limine, consolidated proposed jury charges, as well as the submission of final exhibit lists and witness lists to Chambers. Counsel who wish to prevent potential conflicts with personal leave must file a Leave of Absence on the docket no later than the filing of the consolidated proposed pretrial order.

### d.     Motions in Limine

Motions in Limine are encouraged to resolve anticipated issues of admissibility. However, boilerplate motions that are not specifically tailored to the anticipated evidence at trial, or motions that only generally ask the Court to follow a particular rule of evidence or a well-established principle of law, will be summarily denied.

### e.     Consolidated Proposed Jury Charges and Verdict Form

The parties will be ordered to file a consolidated set of proposed jury charges and verdict form in advance of trial. A Word version of the same should be attached to the CM/ECF filing receipt email and forwarded to Chambers.

Counsel must use the Eleventh Circuit Pattern Jury Instructions, when applicable. If there is no appropriate Eleventh Circuit charge, counsel should use *Federal Jury Practice and Instructions*. If Georgia State law applies, counsel must use the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. If other state law applies, counsel shall present the appropriate pattern instruction from the applicable state. When proposing charges for which there is not a pattern instruction, counsel must provide citations to the legal authorities supporting the charge requested.

Each request to charge shall be numbered sequentially and on a separate page, with authority for the requested charge cited at the bottom of the page. Where a proposed instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction, as well as the legal basis for the other party's opposition to the instruction. Counsel will have an opportunity to amend and/or supplement the proposed jury charges and verdict form at any time prior to the charging conference.

The Court will generally charge the jury before closing argument. The jury will be provided with a written copy of the jury instructions before deliberations begin.

### f.    Exhibit List and Witness List

The parties will be ordered to email an exhibit list and witness list to Chambers in advance of trial. The exhibit list must include the style of the case and case number in a header or footer, and include the following column fields: (1) Exhibit Number; (2) Description; (3) Bates No. or Source (optional); (4) Date Tendered; (5) Date Admitted. A template exhibit list can be provided upon request by emailing Chambers. In addition, each affixed exhibit sticker must include the case number and exhibit number, as well as the name of the tendering party. The sticker must be attached to the page so as not to cover up any portion of the exhibit.

### g.    Final Pretrial Conference

The purpose of the final pretrial conference is to resolve objections raised in the proposed pretrial order, hear argument and rule on pending motions in limine, as well as discuss trial logistics generally. All counsel and paraprofessionals who intend to meaningfully participate in the trial should be present. Local counsel need not be present unless they intend to likewise meaningfully participate in trial.

### h.    Courtroom Technology

Our courtroom has various electronic equipment for use by counsel at trial and hearings. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact Chambers. It is the parties'

responsibility to make sure they know *in advance of the hearing or trial* how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology. Counsel must always be prepared to proceed with their presentation without the benefit of the courtroom technology if necessary.

Any party or counsel without a Blue Card (*i.e.*, the blue ID card issued through the U.S. Marshals Service) who would like to bring into the courthouse electronic equipment, such as a laptop computer or a cell phone with a camera, must file a motion and proposed order allowing the same. The proposed order should identify the person(s) seeking to bring in the electronic equipment, specify the type of equipment and date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought. The motion and accompanying order should be filed at least two business days prior to the hearing or trial.

### i.    Trial Days

The Court's trial days will generally run from 9:00 a.m. until 5:00 p.m., Monday through Friday. There will generally be a 15-minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the responsibility of the Court, the litigants, and counsel to utilize the jury's time efficiently. Accordingly, it is each party's responsibility to have enough witnesses on hand for each day's proceedings. Matters that need to be addressed outside the presence of the jury should be reasonably anticipated and raised during breaks or before the start of the trial day. **Sidebar conferences during trial are particularly disfavored and requests for them will generally be denied.**

      **j.**     **Voir Dire**

During *voir dire*, the Court will ask the venire certain qualifying and conflict-related questions. The Court will then allot a certain amount of time (to be set during the final pretrial conference) for the parties to ask their respective *voir dire* questions as well as any natural follow-up questions from individual answers previously provided.

In general, eight jurors will be selected to deliberate for cases expected to last two weeks or less. The Court may empanel additional jurors for cases expected to last more than two weeks.

      **k.**     **Courtroom Communications and Conduct**

All communications to the Court should be made before a microphone from a position at counsel table or from the lectern. Counsel should refrain from making

disparaging remarks or displaying ill will toward witnesses and other counsel. Counsel and litigants are to refrain from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony, argument, or rulings by the Court. Counsel are prohibited from addressing comments or questions to each other. All arguments, objections, and motions should be addressed to the Court.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the next recess. A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury. When making an objection, counsel shall state only the legal basis of the objection (*e.g.*, "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Court. Offers or requests for stipulations should be made privately, not within the hearing of the jury.

**SO ORDERED** this 5th day of July, 2023.

_____
Steven D. Grimberg
United States District Judge

**APPENDIX A:**
**SPECIAL INSTRUCTIONS FOR *PRO SE* LITIGANTS**

Parties proceeding *pro se* (without an attorney) must comply with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") as well as the Court's Local Rules ("NDGa LR"). *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303. Many documents are also available on the Court's website at www.gand.uscourts.gov.

Litigants are generally prohibited from engaging in *ex parte* communications with the Court. "*Ex parte* communications" means any form of contact with the Court outside the presence of the opposing party or opposing party's counsel. If a litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel.

A *pro se* litigant is required to (1) provide the Clerk with an **original** of any further pleadings or other papers filed after the Complaint, and (2) **serve** on the opposing party or party's counsel, by mail or hand delivery, a copy of every additional pleading or other paper described in Fed. R. Civ. P. 5. Once counsel for the opposing party has appeared in the case, the opposing party should not be

served individually; service should be made directly on the opposing party's counsel. The Clerk of Court and the U.S. Marshals Service will not serve documents filed by either party, unless expressly directed to do so by the Court.

Each pleading or paper described in Fed. R. Civ. P. 5 shall include a certificate stating the date on which an accurate copy of that document was served. This Court may disregard any papers that have not been properly filed with the Clerk, or that do not include a certificate of service. *Pro se* litigants are also advised that, under NDGa LR 7.1, if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. Further, under NDGa LR 56.1(B)(2)(a)(2), if a respondent to a motion for summary judgment contests facts included in the movant's statement of material facts, the respondent must file, along with the response brief, a response to the movant's statement of material facts, otherwise the Court will deem the movant's facts as admissions.

*Pro se* litigants are further **REQUIRED** to keep the Court advised of their current address at all times during the pendency of the lawsuit. NDGa LR 83.1(D)(3) provides that parties appearing *pro se* have a duty to notify the Clerk's Office by letter of any change in address or telephone number. A *pro se* litigant's failure to do so where such failure "causes delay or adversely affects the management of a case" may be subject to sanction by the Court. *Pro se* litigants are

encouraged to provide the opposing party/counsel with an email address for purposes of communicating regarding the case and serving copies of court filings and discovery. *Pro se* litigants are advised, however, that the Court serves papers via regular mail only and not via email.